UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| S.K.A.V. LLC | CASE NO. 6:21-CV-04345 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| INDEPENDENT SPECIALTY INSURANCE CO | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### MEMORANDUM ORDER

Before the court is a Motion to Compel Arbitration and Stay or, alternatively, Dismiss the Proceedings [doc. 12] filed by defendant Independent Specialty Insurance Company ("ISIC") pursuant to the Federal Arbitration Act. Plaintiff S.K.A.V., LLC opposes the motion. Doc. 14.

### I.
### BACKGROUND

This suit arises from hurricane damage to plaintiff's property in Abbeville, Louisiana, following Hurricanes Laura in August 2020. At all relevant times the property was insured under a surplus lines policy issued by ISIC, containing the following clause:

> 4. Arbitration Clause
>
> All matters in dispute between you and us referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

Doc. 12, att. 4, p. 35. Over the next several paragraphs, the clause then sets forth the terms of arbitration, including selection of arbitrators, the fact that any hearing shall take place

in Nashville unless the arbitrator agrees otherwise, and that the award of the arbitration tribunal shall be binding. *Id.* at 35–36.

Plaintiff claims that ISIC failed to timely or adequately pay for its covered losses under the policy. It filed suit in this court on December 17, 2021, raising claims of breach of contract and bad faith. The case proceeded through the streamlined settlement process outlined in the court's Case Management Order [doc. 2] for first-party insurance suits arising from the 2020 hurricane season but did not resolve. Doc. 8. It is now set for bench trial before the undersigned on November 2, 2023. ISIC has moved to compel arbitration pursuant to the policy's arbitration clause and the Federal Arbitration Act. Doc. 12. Plaintiff opposes the motion, arguing that (1) Louisiana Revised Statutes § 22:868 reverse-preempts the Federal Arbitration Act and, alternatively, (2) ISIC has waived its right to compel arbitration by substantially invoking the judicial process. Doc. 14.

## II.
## LAW & APPLICATION

ISIC moves to enforce its arbitration clause under the Federal Arbitration Act("FAA"), 9 U.S.C. § 2. The FAA places arbitration clauses on "the same footing as other contracts" and allows an aggrieved party to move to compel arbitration when the opposing party fails to comply with an arbitration agreement. *American Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 492–93 (5th Cir. 2006). The McCarran-Ferguson Act, 15 U.S.C. § 1101 *et seq.* provides, however, that state law regulating the business of insurance may reverse-preempt the FAA. The undersigned recently determined in *Bufkin Enterprises LLC v. Indian Harbor Insurance Co.*, 2023 WL 2393700 (W.D. La. Mar. 7, 2023), that

Louisiana Revised Statutes § 22:868(A)(2) reverse-preempts the FAA, notwithstanding subsection (D)'s statement that subsection (A)'s protections do not apply to surplus lines policies.[1] Based on that reasoning, the court also finds here that ISIC cannot compel arbitration under its policy. Accordingly, the court will not address the arguments concerning waiver.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Compel Arbitration and Stay or, alternatively, Dismiss the Proceedings [doc. 12] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of April, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Section 22:868(A)(2) invalidates clauses in Louisiana insurance contracts containing "any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." La. Rev. Stat. § 22:868(A)(2). Subsection D, however, provides that "[t]he provisions of Subsection A . . . shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." *Id.* at § 22:868(D). Noting the differences between a condition, such as an arbitration clause, depriving the court of jurisdiction or venue and a "forum or venue selection clause" under Louisiana law, the court determined that Subsection D did not strip surplus lines policies of Subsection A's protections against arbitration clauses. *Bufkin*, 2023 WL 2393700 at *5–*7.