# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 5, 2024
Lyle W. Cayce
Clerk

No. 23-30293

S. K. A. V., L.L.C.,

    *Plaintiff—Appellee*,

*versus*

Independent Specialty Insurance Company,

    *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CV-4345

_____

Before Dennis, Willett, and Duncan, *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

    This appeal raises a question of state law on which federal district courts in Louisiana disagree: Does § 22:868 of the Louisiana Revised Statutes void an arbitration provision in a contract for surplus lines insurance? We venture an *Erie* guess and answer "yes."

    The underlying facts are simple and undisputed. Plaintiff SKAV, L.L.C. owns a Best Western hotel in Abbeville, Louisiana. The hotel was damaged when Hurricane Laura, one of the strongest hurricanes in state history, made landfall in August 2020. SKAV submitted a claim on a surplus

Case 6:22-cv-03430-CBD Document 138 Filed 11/27/24 Page 2 of 11 PageID #: 459
Case 23-30293 Document 113-1 Page 2 Date Filed 11/27/2024

No. 23-30293

lines insurance policy[1] it had purchased from Independent Specialty Insurance. The policy contained a broad arbitration clause, requiring "[a]ll matters in dispute" to be settled by arbitration.

SKAV nevertheless sued Independent Specialty in the Western District of Louisiana, alleging that it had failed to timely and adequately cover the hotel's hurricane damage under the terms of the policy. The parties unsuccessfully participated in several months of court-directed mediation, after which Independent Specialty moved to compel arbitration. The district court denied the motion, citing its prior decision in *Bufkin Enterprises LLC v. Indian Harbor Insurance Co.*, which concluded that § 22:868 reverse preempts the Federal Arbitration Act.[2] Independent Specialty timely appealed.

The parties primarily dispute what effect, if any, § 22:868 of the Louisiana Revised Statutes has on the insurance policy's arbitration clause. The statute, as relevant here, bars insurance policies from ousting Louisiana courts of jurisdiction and permits, in limited circumstances, forum- and venue-selection provisions:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either . . .

---

[1] Surplus lines insurance is, as Independent Specialty describes it, insurance for "unique, large or high risks when consumers cannot get coverage in the standard market."

[2] No. 2:21-CV-04017, 2023 WL 2393700, at *8 (W.D. La. Mar. 7, 2023), *rev'd on other grounds*, No. 23-30171, 2024 WL 909600 (5th Cir. Mar. 4, 2024).

2

No. 23-30293

> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer. . . .
>
> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.[3]

Everyone agrees that the surplus lines insurance policy at issue in this case is, under subsection (D), "not subject to approval by the Department of Insurance." Thus, the only question is whether the policy's arbitration clause is barred by subsection (A)(2) or permitted by subsection (D).

Many district courts in Louisiana, including some in New York,[4] have reached conflicting decisions on this specific issue.[5] One district court in the Eastern District of Louisiana certified the question to the Louisiana Supreme Court last year, but, over two dissenting opinions, the State's High Court

---

[3] LA. STAT. ANN. § 22:868.

[4] *See Certain Underwriters at Lloyds, London v. 3131 Veterans Blvd LLC*, No. 22-CV-9849, 2023 WL 5237514, at *5 (S.D.N.Y Aug. 15, 2023) (finding that § 22:868 barred arbitration clauses in insurance contracts to be "the better of the argument"); *Certain Underwriters at Lloyd's, London v. Mpire Props., LLC*, No. 22-CV-9607, 2023 WL 6318034, at *4–6 (S.D.N.Y. Sept. 28, 2023) (same).

[5] We do not attempt to catalogue all the decisions from the federal district courts in Louisiana here, but for a sampling, *compare Bufkin Enters.*, 2023 WL 2393700 (holding that § 22:868 bars arbitration clauses in surplus lines insurance policies); *Next Level Hosp. LLC v. Indep. Specialty Ins. Co.*, 666 F. Supp. 3d 604 (W.D. La. 2023) (same); *Fairway Vill. Condos. v. Indep. Specialty Ins. Co.*, No. CV 22-2022, 2023 WL 2866944 (E.D. La. Apr. 10, 2023) (same), *with Southland Circle, LLC v. Indep. Specialty Ins. Co.*, No. CV 23-855, 2023 WL 7688570 (E.D. La. Nov. 15, 2023) (holding that arbitration clauses are permitted under § 22:868); *Bourgeois v. Indep. Specialty Ins. Co.*, No. CV 22-1256, 2023 WL 6644171 (E.D. La. Oct. 12, 2023) (same); *Cornerstone Ass'n v. Indep. Specialty Ins. Co.*, No. CV 23-2478, 2023 WL 8257987 (E.D. La. Nov. 29, 2023) (same); *Queens Beauty Supply, LLC v. Indep. Specialty Ins. Co.*, No. CV 22-3444, 2023 WL 7154117 (E.D. La. Oct. 31, 2023) (same); *Carrollton St. Props., LLC v. Indep. Specialty Ins. Co.*, No. CV 23-4701, 2024 WL 404955 (E.D. La. Feb. 2, 2024) (same).

Case 6:2Case0234302931-CEDocuDocumenent:13138 PagFiled:411/27/2241File Pd14/27/20224 PageID #:
461

No. 23-30293

declined to answer.⁶ Our aim here, then, as a federal court exercising diversity jurisdiction, is to resolve this case as we think the Louisiana Supreme Court would.⁷

From the start, Louisiana courts have described § 22:868 as memorializing an "anti-arbitration policy."⁸ The statute does not expressly mention arbitration, but it bars insurance policies from "[d]epriving the courts of this state of the jurisdiction . . . of action against the insurer,"⁹ and Louisiana courts, in turn, have understood arbitration clauses to divest them of jurisdiction.¹⁰ "Although it is not clear from this provision's text that arbitration agreements are voided," we have previously observed,

---

⁶ *Southland Circle, LLC v. Indep. Specialty Ins. Co.*, 2023-00990 (La. 10/3/23), 370 So. 3d 1047 (mem.).

⁷ *See Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 206 (5th Cir. 2007).

⁸ *E.g.*, *Courville v. Allied Pros. Ins. Co.*, 2016-1354, p. 6 (La. App. 1 Cir. 4/12/17), 218 So. 3d 144, 149 ("In this case, APIC's contract with Dr. Rathmann contains a compulsory arbitration provision . . . . The enforcement of this provision against the Courvilles, who are not parties to the contract, is contrary to LSA-R.S. 22:868's anti-arbitration policy . . . ."); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) ("Classification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable under R.S. 22:629 [retitled La. Stat. Ann. § 22:868].").

⁹ 2020 La. Sess. Law Serv. Act 307 (S.B. 156) (codified at La. Stat. Ann. § 22:868(A)(2) (2020)).

¹⁰ *E.g.*, *Macaluso v. Watson*, 171 So. 2d 755, 757 (La. App. 4 Cir. 1965) ("That the arbitration agreement . . . has the effect of depriving the courts of this state of the jurisdiction of action against the insurer's [*sic*] admits of no argument." (cleaned up)); *Hobbs v. IGF Ins. Co.*, 2002-26, p. 3 (La. App. 3 Cir. 10/23/02), 834 So. 2d 1069, 1071 ("Louisiana courts have consistently held that compulsory arbitration clauses in contracts of insurance are unenforceable under this statute because they operate to deprive Louisiana courts of jurisdiction of the action against the insurer."). We note that, on this point, Louisiana courts are out of step with this court. *See Ruiz v. Donahoe*, 784 F.3d 247, 249 (5th Cir. 2015) ("[M]andatory grievance and arbitration procedures in contracts . . . are waivable and do not affect this court's subject-matter jurisdiction.").

No. 23-30293

"Louisiana courts have held that [arbitration] agreements are unenforceable because of this statute."[11]

The proposition that § 22:868(A)(2) prohibited arbitration clauses in insurance policies was settled until 2020, when the Louisiana Legislature added subsection (D) to allow surplus lines insurers to include forum- and venue-selection clauses in their policies.[12] This is significant, SKAV says, because both Louisiana and federal courts have called arbitration clauses a "type" of forum- or venue-selection clause.[13] Thus, in SKAV's view, this dispute can essentially be resolved by the following syllogism: (A) § 22:868 permits surplus lines insurers to select the forum and venue for their disputes; (B) an arbitration clause is a type of forum- or venue-selection clause; therefore (C) the arbitration clause in this surplus lines insurance policy is valid under § 22:868.

This is a compelling argument, and one reasonably adopted by some district courts, but we are not persuaded that it is the one best grounded in the text and history of § 22:868. Informing our view is the Louisiana Supreme Court's 2019 decision in *Creekstone Juban I, L.L.C. v. XL Insurance America, Inc.*, which held that forum- and venue-selection clauses were not barred by (A)(2) because they did not "deprive[] the courts of this state of the legal

---

[11] *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyds, London*, 587 F.3d 714, 719 (5th Cir. 2009) (en banc).

[12] La. Stat. Ann. § 22:868(D) ("The provisions of subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.").

[13] *E.g.*, *Donelon v. Shilling*, 2019-00514, p. 4 n.6 (La. 4/27/20), 340 So. 3d 786, 790 n.6 ("An arbitration clause has been characterized by this court as a type of venue selection clause."); *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 443 (5th Cir. 2008) (describing "mandatory-arbitration provisions" as "a type of forum-selection clause").

5

No. 23-30293

authority to hear the dispute (*i.e.*, the jurisdiction)."[14] The *Creekstone Juban* Court had no occasion (nor any reason) to address arbitration clauses, so as far as we can tell, nothing in its decision casts doubt upon the general understanding that (A)(2) continued to operate as anti-arbitration provision—a point made, in fact, by one of the concurring justices.[15] In other words, following *Creekstone Juban*, Louisiana caselaw still regarded arbitration clauses as a qualitatively different type of forum-selection clause, at least for purposes of § 22:868, because they had jurisdictional import and thus still fell under the prohibition of (A)(2).

This distinguishing jurisdictional feature of arbitration clauses survived, in our view, the Legislature's amendments in 2020. Subsection (A)(2) continued to bar insurance agreements that deprived courts "jurisdiction . . . of action," while the newly added subsection (D) did not address jurisdiction at all. It instead saved from the general bar of (A)(2) the new addition of "venue," which the *Creekstone Juban* Court had previously held to be outside the sweep of (A)(2).[16] Nothing in subsection (D), moreover, indicates to us that it reversed course on the state's longstanding anti-arbitration policy. If it did, we would expect the statutory text to be plainer on this point, at least with respect to jurisdiction, given its express inclusion in subsection (A)(2). In short, we cannot say that subsection (D) subtlety overtakes the entirety of (A)(2) for surplus lines insurers.

---

[14] 2018-0748, p. 6 (La. 5/8/19), 282 So. 3d 1042, 1047.

[15] *Id.* at 1053 (WEIMER, J., concurring) (opining that (A)(2)'s "prohibition is directed at agreements[] like compulsory arbitration provisions" but not forum and venue-selection clauses, which do "not deprive the courts of 'jurisdiction of action against the insurer' within the meaning of La. R.S. 22:868(A)(2)").

[16] *Id.* at 1047 (majority opinion).

No. 23-30293

We take the broader point, forcefully made by Independent Specialty, that this reading of § 22:868 cannot be squared with the parties' general freedom to contract, which of course includes the freedom to choose where and how to resolve disputes that arise under that contract.[17] This freedom is especially important, Independent Specialty insists, because of the acutely high risks in surplus lines insurance. "Given the risks insured," Independent Specialty says, "surplus lines insurers have more freedom and flexibility for accepting risks and designing and pricing their policies." To Independent Specialty's credit, all of this may be true, but even so, it makes no difference to our statutory analysis. General principles of contractual freedom, however normatively attractive in the surplus lines insurance business, cannot trump specific statutory commands. We are in no position to second-guess the wisdom of the Louisiana Legislature on this point; our duty is only to determine, as best we can, how the Louisiana Supreme Court would read § 22:868 in this context.

We also think our reading of § 22:868 forecloses another one of Independent Specialty's arguments: that the issue of the arbitration clause's validity must itself go to arbitration. True, the insurance policy's broad arbitration clause—which requires that "[a]ll matters in dispute" be arbitrated—arguably encompasses such "gateway" arbitrability questions.[18] But, according to our precedent, this is a second-order question that follows one we have already answered: whether the parties have a valid agreement to arbitrate.[19] We have already concluded, of course, that they do not, and if that

---

[17] *Id.* at 1050 ("[T]he right to freely contract 'must encompass the correlative power to agree to bring suit under that contract in a particular forum.'" (citation omitted)).

[18] *See 5556 Gasmer Mgmt. L.L.C. v. Underwriters at Lloyds's, London*, 463 F. Supp. 3d 785, 790 (S.D. Tex. 2020) ("*[A]ll* means just that—*all*.").

[19] *See Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) (providing a two-step inquiry for delegation clauses: first, determining whether the parties

7

No. 23-30293

is correct, we need not go any further. When a statute prevents the valid formation of an arbitration agreement, as we read § 22:868 to do,[20] we cannot compel arbitration, even on threshold questions of arbitrability.[21]

The judgment of the district court is accordingly AFFIRMED.

---

have a "valid agreement," and second, determining whether the delegation clause "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated").

[20] *See* LA. STAT. ANN. § 22:868(C) ("Any such condition, stipulation, or agreement in violation of this Section shall be void . . . .").

[21] *See Kubala*, 830 F.3d at 202.

8

# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30293
_____

United States Court of Appeals
Fifth Circuit
**FILED**
June 5, 2024
Lyle W. Cayce
Clerk

S. K. A. V., L.L.C.,

*Plaintiff—Appellee*,

*versus*

Independent Specialty Insurance Company,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CV-4345
_____

Before Dennis, Willett, and Duncan, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellant pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

**Certified as a true copy and issued as the mandate on Nov 27, 2024**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 27, 2024

Mr. Daniel J. McCoy
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 23-30293    S. K. A. V. v. Indep Spec Ins
                           USDC No. 6:21-CV-4345

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                Sincerely,

                LYLE W. CAYCE, Clerk

                *Christy Combel*
                By: _____
                Christy M. Combel, Deputy Clerk
                504-310-7651

cc:
    Mrs. Lori A. Daigle Barker
    Mr. Eric Bradley Boettcher
    Ms. Colleen Victoria McCaffrey
    Mr. Raffi Melkonian
    Mr. Stephen William Rothring
    Mr. Kevin Ross Sloan
    Mr. Wells Talbot Watson
    Mr. Thomas Clark Wright